IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANTHONY DEMONE PAMPHILLE,**   2:21-cv-00482 WJ/LF

      **Plaintiff,**

v.

**THE CITY OF ALAMOGORDO, HECTOR BALDERAS,
ATTORNEY GENERAL OF NEW MEXICO,
BRIAN FITZGERALD, CHIEF DEPUTY GENERAL COUNSEL,
MICHELLE L. GRAHAM, JANICE SMOTHERMAN,
DAREN MEDINA, JONATHAN MILLER, JAN WIMBERLY,
MARIO TORRES, OTERO COUNTY DETENTION
CENTER CAPTAIN, AND
OTERO COUNTY DETENTION CENTER
CORRECTIONAL SERVICE DIRECTOR,**

      **Defendants.**

## DEFENDANT JOHN DOE 3 OTERO COUNTY CORRECTIONAL SERVICE DIRECTOR AND JOHN DOE 4 THE OTERO COUNTY DETENTION CENTER CAPTAIN MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
### [Doc. 1-1 pgs. 32-7-47]

    John Doe 3 Otero County Detention Center Correctional Service Director in her official and individual capacity and John Doe 4 the Otero County Detention Center Captain in her official and individual capacity ("the County Defendants[1]"), by counsel MYNATT MARTÍNEZ SPRINGER P.C. (Damian L. Martínez), submit this Motion to Dismiss Plaintiff's First Amended

---

[1] During the time frame Plaintiff asserts his claims, the Detention Services Correctional Director was Caroline Barela. Also, during this time period, the Detention Center Captain was Nina Sisler. Regarding the official capacity claims, those claims are against Otero County. *See Brown v. Montoya*, 662 F.3d 1152, 1164, n. 8 (10th Cir. 2011) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), *Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 783 (10th Cir. 1993) ("Since a judgment against a public servant in his or her official capacity imposes liability on the entity he or she represents … an official capacity suit is simply another way of pleading an action against that entity.")).

Complaint [Doc. 1-1 pgs. 32-47] under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to *D.N.M. LR-Civ 7.1(a)*, undersigned counsel did not determine whether the motion is opposed because this is an inmate case and Plaintiff is proceeding *pro se*. Counsel for Michelle L. Graham, Patricia G. Williams was contacted and does not oppose the relief sought. Jonathan Miller Esq. representing himself *pro se*, was contacted and does not oppose the relief sought.

## I. INTRODUCTION

Plaintiff Anthony Demone Pamphille filed his Original Complaint on March 23, 2021 [Doc. 1-1 pgs. 1-19] in New Mexico's First Judicial District Court. The Original Complaint asserted claims against not only the Otero County Defendants but also against the City of Alamogordo, Daren Medina, Janice Smotherman, The Chief of Alamogordo Police Department, the Deputy Chief of Alamogordo Police Department, Jan Wimberly, Michelle L. Graham. Mario Torres, and Jonathan Miller. The Original Complaint asserts claims against all of the named defendants for violations under the New Mexico Tort Claims Act as well as Violations of Plaintiff's Constitutional Rights under the First, Second, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

On April 27, 2021, Plaintiff filed his First Amended Complaint [Doc. 1-1 pgs. 32-47]. The First Amended Complaint added Hector Balderas as the Attorney General of New Mexico and Brian Fitzgerald as the Chief Deputy General Counsel as Defendant's. [Doc 1-1 pg. 32]. The County Defendants waived service on May 25, 2021, and on May 26, 2021 the Otero County Defendants removed this matter to the United States District Court for the District of New Mexico. [Doc. 1].

Plaintiff's First Amended Complaint does not enumerate any causes of actions against specific defendants. The Amended Complaint claims that through some alleged conspiracy the Defendants as a whole and under the color of law violated Plaintiff's clearly established rights which ultimately led to his wrongful conviction and false imprisonment. [Doc. 1-1 pgs. 42-47, ¶¶ 4, 5,7, 8, and 9]. These claims allege that actions of various entities and individuals in concert violated Plaintiff's procedural and substantive due process rights under the First, Second, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The Amended complaint further claims violations of the New Mexico Tort Claims Act ("NMTCA"), N.M. Stat. Ann. 1978, Section 41-4-1 *et seq.* [Doc. 1-1 pg. 32].

Plaintiff's First Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6). First, all of Plaintiff's alleged claims fail to allege any facts that would describe what acts each Defendant took leading to Plaintiff's alleged injuries. Simply under established law the Plaintiff has failed to state a plausible claim on which relief can be granted. Second, although *pro se* pleadings are construed liberally, Plaintiff's suit must be dismissed because resolution in his favor, would necessarily imply the invalidity of Plaintiff's conviction.

## II. ADDITIONAL FACTS RELEVANT TO MOTION[2]

---

[2] The County Defendants respectfully requests that the Court take judicial notice of Exhibits 1, *State of New Mexico v. Anthony Pamphille*, No. D-1215-CR-2017-00170 (12th Jud. Dist. Ct. Jan. 24, 2018), Case Information Cover Sheet; Exhibit 2, *State of New Mexico v. Anthony Pamphille*, No. D-1215-CR-2017-00170 (12th Jud. Dist. Ct. Jan. 24, 2018), Verdicts of Jury Counts 1, 2, and 3; and Exhibit 3, *State of New Mexico v. Anthony Pamphille*, No. A-1-CA-37226 (N.M. Ct. App.  Aug. 27, 2020),Opinion Affirming Conviction,  pursuant to Federal Rules of Evidence 201.

Fed. R. Civ. P. 12(b)(6) allows the Court to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters which a court may take judicial notice." *Swabb v. Zagg, Inc,*. 797 F.3d 1194, 1201 (10th Cir. 2015) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (Facts subject to judicial notice do not convert a motion brought under Rule 12(b)(6) into a motion for summary judgment.).

1. On January 24, 2018, at the close of a jury trial the Plaintiff was convicted of arson, breaking and entering, and violating an order of protection. Ex. 1, 2, and 3 pg. 7, lns. 11-12.

2. On August 27, 2020 the New Mexico Court of Appeals affirmed the convictions. Ex. 3, pg. 26, ln. 13.

### III. ARGUMENT [3]

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) enables courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." When a party moves to dismiss claims under Rule 12(b)(6), the court's function is not to weigh potential evidence, but to determine whether the complaint alone is sufficient to assert a claim for which relief may be granted. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

To survive a motion to dismiss, the complaint must contain allegations of fact that, when taken as true, "state a claim of relief that is plausible on its face." *Kansas Pen Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In construing a complaint, the court accepts as true only well-pleaded factual allegations, not legal conclusions. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). Additionally, the court must accept as true the complaint's factual allegations and view them in the light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 126, 1236 (10th Cir. 1999).

---

[3] The County Defendants also recognize that under Section 1915(e) of Title 28 the Court can dismiss a *pro se* prisoner complaint that "fails to state a claim on which relief can be granted." *See* 28 U.S.C. 1915(e)(2)(B)(ii).

Further, the plaintiff must provide particular factual accusations to support his claims. *See Kansas Pen Gaming, LLC*, 656 F.3d at 1214. Indeed, assertions without additional factual support will not overcome a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Similarly, speculative complaints that do not state plausible claims will not defeat a motion to dismiss under Rule 12(b)(6). *See Kansas Pen Gaming, LLC*, 656 F.3d at 1215. At a minimum, Plaintiffs must "nudge their claims across the line from conceivable to plausible" to survive a motion to dismiss and "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Iqbal*, 550 U.S. at 570). In a civil rights case, a plaintiff must specifically allege facts establishing a particular defendant's role in violating their civil rights.

As the Tenth Circuit explained in *Robbins v. Oklahoma*:

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore, it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249–1250 (10th Cir. 2008) (emphasis in original). To be sure, the Supreme Court of the United States has held that, in all civil cases, claims which do not specify a specific time, place or person and consist of merely conclusory allegations leave defendants seeking to respond with "little idea of where to begin." *Iqbal*, 550 U.S. at 564, n. 10; *Robbins,* 519 F.3d at 1247.

Finally, *pro se* "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, a *pro se* party's pleadings are nonetheless judged by the same legal standards that apply to all litigants and a po se party must follow the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994)

> **B. Plaintiff's First Amended Complaint must be dismissed because it fails to state a claim under Rule 12(b)(6) by not specifying the Defendants' actions or how they plausibly violated Plaintiff's Federal Constitutional Rights or violated the New Mexico Tort Claim Act. Thus, it fails to properly notify the Defendants of the Claims made against each or whether qualified immunity is available to them.**

Plaintiff's *pro se* First Amended Complaint asserts constitutional claims against the County Defendants. Those claims are brought pursuant to the First, Second, Fifth, Sixth, Eighth, and Fourteenth Amendment of the United States Constitution. [Doc. 1-1, pg. 32]. While the Plaintiff does not cite to 42 U.S.C. §1983, the only logical interpretation of Plaintiff's Complaint is to construe his allegations as asserting civil rights claims under Section 1983. As the court knows, Section1983 is the exclusive vehicle to bring constitutional violations against individuals acting under the color of law. *See Baker v. McCollin*, 443 U.S. 137, 144, n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); Albright v. Oliver, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114(1994)(Section 1983 creates no substantive rights; rather it is the means through which a Plaintiff may seek redress for deprivations of civil rights established under the Constitution). Indeed, §1983 provides:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage of any state…subject or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action…

42 U.S.C §1983. In a case brought under Section 1983, a Plaintiff must assert actions by government officials acting under the law that resulted in a deprivation of the rights secured under the United State Constitution. 42 U.S.C §1983; *West v. Adkins*, 47 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Importantly, there must be connections between the official conduct and

the violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under 42 U.S.C. §1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Because Plaintiff brings a civil rights claim against the County Defendants, he is required to plead that each County Defendant, through their own actions, violated Plaintiff's constitutional rights. *Iqbal*, 556 U.S. 676. Plaintiff must allege some personal involvement by each one of the County Defendants and the alleged constitutional violation to prevail in his §1983 claim. *Fogarty v. Gallegos*, 543 F.3d 1147, 1162 (10th Cir. 2008). And, as the Tenth Circuit has pointed out in *Robbins*, in a Section 1983 action, it is particularly important that a Plaintiff's complaint "make clear exactly who is alleged to have done what to whom, to provide each individual notice as to the basis of the claim against him or her." *Robbins*, 519 F.3d at 1249-50.

Plaintiff's First Amended Complaint makes vague allegations regarding the individual Defendants and lumps all Defendants together in describing unclear actions that allegedly amount to violations of Plaintiff's Constitutional rights. [Doc. 1-1 pg. 42-47 ¶¶ ,5, 6, 8, 9]. Rather than pointing each defendant to the plausible activity he or she took, the First Amended Complaint refers generally to "Defendants" without indicating who is responsible for the actions. Indeed, with respect to the County Defendants, they are only ever referenced in the Complaint's caption and in paragraph 20 of the body of Plaintiff's Complaint. [Doc. 1-1 pg. 41, ¶ 20]. Even then the reference asserts that the County Defendant's failed to respond to a subpoena. *Id.* Simply, as plead, County Defendants Doe 3 and 4 are left to wonder where to even begin in defending this case. For that reason, Plaintiff's First Amended Complaint against the Otero County Defendants must be dismissed.

To the extent that the Plaintiff may be trying to proceed against Otero County, the United States Supreme Court in *Monell v. Dep't Soc. Servs.,* 436 U.S. 658, 694, 98, S. Ct. 2018, 56 L. Ed.

2d 611(1978), made clear that "a local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694. To be sure, a government entity may only be liable where a policy or custom of that particular government entity causes the constitutional harm. *Id* at 694; *Waller v. City & Cty. of Denver* 932 F.3d 1277, 1283 (10th Cir. 2019). And while Plaintiff does not name Otero County as a defendant, the claims against Doe 3 and 4 in their official capacity are clearly claims against the County itself. *See Brown v. Montoya*, 662 F.3d 1152, 1164, n. 8 (10th Cir. 2011) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 783 (10th Cir. 1993) ("Since a judgment against a public servant in his or her official capacity imposes liability on the entity he or she represents … an official capacity suit is simply another way of pleading an action against that entity.")). Plaintiff's First Amended Complaint fails to even assert a *Monell* claim as plead and should be dismissed.

### C. Plaintiff's First Amended Complaint should also be dismissed because resolution in Plaintiff's favor would imply that his conviction is invalid.

Even assuming Plaintiff's First Amended Complaint articulates plausible claims for relief, the Court must nonetheless dismiss the Complaint because the relief sought is barred by *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that federal courts must dismiss Section 1983 claims, that if resolved in Plaintiff's favor would necessarily imply the invalidity of his conviction. *Id.* at 487. Accordingly, when a prisoner seeks relief under Section 1983, the Court is required to consider whether a judgement in the prisoner's favor, would imply the invalidity of his conviction or sentence. *Id*. If the invalidity of the conviction is implied, the Complaint must be dismissed unless the prisoner can show that the conviction or sentence was invalidated. *Id.*

Throughout Plaintiff's First Amended Complaint, he asserts that the Defendants' conspiracies caused his wrongful conviction and false imprisonment. [Doc. 1-1 pgs. 42-47, ¶¶ 4, 5, 7, 8, and 9]. However, Plaintiff cannot show that his conviction was overturned. Indeed, as established in Exhibit 3, the New Mexico Court of Appeals affirmed Plaintiff's conviction for Arson, Breaking and Entering, and Violating an Order of Protection. *See* Ex. 3 pg. 26, ln. 13. Thus, because Plaintiff cannot show the invalidation of his conviction, his First Amended Complaint must also be dismissed.

## IV. CONCLUSION

For the aforementioned reasons, the Otero County Defendants respectfully request that Plaintiff's First Amended Complaint [Doc. 1-1 Pgs. 32-47] be dismissed under Rule 12b(6).

Respectfully submitted,

MYNATT MARTÍNEZ SPRINGER P.C.

_____
DAMIAN L. MARTÍNEZ
New Mexico Bar No. 14678
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
dlm@mmslawpc.com
*Attorneys for Defendants OCDC*

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of June 2021, a copy of the foregoing pleading was served on the following via email and CM/ECF:

| | |
|---|---|
| Patricia G. Williams | CROTALUS LAW LLC |
| Attorney for Michelle L. Graham | Jonathan C. Miller |
| P.O. Box 1308 | 120 Granite Ave NW |
| Albuquerque, New Mexico 87103-1308 | Albuquerque, NM 87102 |
| pwilliams@wwwlaw.us | jon@rattlesnakelaw.com |

Plaintiff will be served via first class mail on June 3, 2021. A separate Certificate of Service will be filed at that time.

*[signature]*

_____
DAMIAN L. MARTÍNEZ